UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                       Case No. 11-20158

Delbert Reliford,                Honorable Sean F. Cox

    Respondent.

_____/

# ORDER DENYING
# PREMATURE § 2255 MOTION WITHOUT PREJUDICE

This matter is currently before the Court on Defendant Delbert Reliford's Motion filed under 28 U.S.C. § 2255. (Docket Entry No. 50). For the reasons that follow, the motion shall be denied as premature and dismissed without prejudice to the timely re-filing of a motion under § 2255 after Defendant's pending appeal to the Sixth Circuit has concluded.[1]

Defendant Delbert Reliford ("Defendant") was sentenced by this Court on January 19, 2012, to a term of 144 months of imprisonment.

Defendant filed the instant motion under 28 U.S.C. § 2255. However, he has also filed a Notice of Appeal and his appeal is now pending in the Sixth Circuit.

The Court concludes that Defendant's § 2255 Motion should be denied as premature and dismissed without prejudice. In *Capaldi*, the Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded

---

[1] Defendant is expressly cautioned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the one-year limitation period.

from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi*, 135 F.3d at 1124. The Sixth Circuit adopted that rule because an "application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal" and because a "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*.

Defendant's direct appeal is currently pending in the Sixth Circuit and Defendant's § 2255 Motion does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi*.

Accordingly, IT IS ORDERED that Defendant's § 2255 Motion is DENIED as premature and DISMISSED WITHOUT PREJUDICE to Defendant's right to re-file a § 2255 motion once his pending appeal has become final.[2]

Dated: February 21, 2012
S/ Sean F. Cox
Sean F. Cox
U. S. District Court Judge

I hereby certify that on February 21, 2012, the foregoing document was served upon counsel of record by electronic means and upon Delbert Reliford by First Class Mail at the address below:

Delbert Reliford #15582-040
65 N. Elk Street
Sandusky, MI 48471

Dated: February 21, 2012
S/ J. Hernandez
Case Manager

---

[2]Should Defendant choose to re-file a § 2255 motion after his pending appeal is finalized, that subsequent motion will not be considered a second or successive motion pursuant to 28 U.S.C. § 2255.